Jacob Markowitz, J.
By this summary proceeding petitioner seeks a final order enjoining the respondents from using the words “ Lincoln Center ” as part of the name of the respondent Lincoln Center Classics, Record Society, Inc. The relief is sought pursuant to section 948 of the Penal Law which prohibits the adoption or use of the name of a benevolent, humane or charitable organization incorporated under the laws of this State or a name so nearly resembling it as to be calculated to deceive the public with respect to any such corporation. The petitioner, Lincoln Center For The Performing Arts, Inc., was organized in 1956 to sustain, encourage and promote musical and performing arts, and for the purpose of educating the public with relation thereto. Among its directors are the Mayor and Commissioner of Parks of the City of New York, and representatives of the Metropolitan Opera Association and the Philharmonic Symphony Society of New York. The petitioner has since its incorporation received contributions from the public in excess of $65,000,000 for the support of its activities and the construction of the Center in the three-block area in the City of New York which it acquired with the co-operation of the City of New York and the United States of America. It has expended over $250,000 to publicize its name and program, and to encourage the public support of its activities.
It is indeed a matter of judicial notice which the court eagerly invokes that through the instrumentality of the petitioner charitable membership corporation the finest strains of American culture are to be further encouraged, invigorated and developed. Indeed, respondents concede the outstanding position of the petitioner and of its high purpose. That petitioner is endowed with a public interest must be obvious, and its consequent identification in the public mind is also obvious.
The respondent corporation was organized in 1960, and has its principal office at 233 Broadway, New York City. It applied to petitioner for offices in the Performing Arts Center to be erected by the petitioner, but its application was denied. While it may well be that respondent too has the laudable purpose to assist the advancement of the cause of art and culture, nevertheless it is clear that the adoption of the name of respondent corporation was for the purpose of leading the public to believe *688 that it was connected or affiliated with petitioner. It is also clear that the name of respondent corporation so nearly resembles the name of petitioner “ as to be calculated to deceive the public ’ ’ (Penal Law, § 948). It is also clear that the name was adopted ‘‘ with intent to acquire or obtain for personal or business purposes a benefit or advantage ” (§ 948). It follows that petitioner is entitled, under said section of the Penal Law, to the injunctive relief applied for.
Respondents claim that they may use the corporate name adopted by them because Lincoln Center is a geographical location. This is denied in petitioner’s reply affidavit.
It is unnecessary, however, to decide this issue in view of the fact that respondent corporation does not claim that it has an office or place of business in or anywhere near the area where petitioner’s buildings are to be erected.
The motion is accordingly granted. Settle order.